**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                    Case No. 10-20290

KEEVON DEONTE BLAC-BURTON,

       Defendant.

_____/

## NOTICE OF REVOCATION OF BOND HEARING

On September 14, 2010, the court accepted Defendant Keevon Deonte Blac-Burton's plea of guilty on Count 2 of the Indictment, charging Defendant of violating 18 U.S.C. § 922(a)(1)(A). The court allowed Defendant to be released on bond pending sentencing. On November 19, 2010, the Government filed a motion to revoke bond, which the court provisionally granted on November 23, 2010, in order to issue an arrest warrant pending further hearing. Defendant has been arrested pursuant to the court's November 24, 2010, arrest warrant. Under 18 U.S.C. § 3148,

> The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated.

18 U.S.C. § 3148(b). The earliest possible hearing date the court can set to determine whether to definitively revoke Defendant's bond is December 8, 2010. Although ideally

the court would prefer the hearing to occur earlier under Federal Rule of Criminal Procedure 4, there is no earlier date in which this judge is available to conduct the hearing. The court is mindful of Congress's direction that "*[t]o the extent practicable*, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated." 18 U.S.C. § 3148(b) (emphasis added). The court finds that setting a hearing date approximately one week after arrest is not an "unnecessary delay" under Rule 4(b)(1)(C) in order to comply with 18 U.S.C. § 3148(b)'s instruction that, where practicable, the hearing should be held before the judicial officer whose order is alleged to have been violated. Accordingly,

IT IS ORDERED that the parties are DIRECTED to appear for a revocation of bond hearing on **December 8, 2010, at 2:00 p.m.**


 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 30, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 30, 2010, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522